IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANE M. HALLETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 22-531 |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

O R D E R

AND NOW, this 14th day of September, 2023, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).  *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse,

1

merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff raises several arguments on appeal. She alleges that the administrative law judge ("ALJ") erred by failing to find that she met Listings 11.04 and 12.04, by crafting a residual functional capacity ("RFC") that did not to take into account her off-task time due to her focal seizures, and by finding the opinion of her psychiatrist – George Zubenko, M.D., Ph.D. – to be of only limited persuasive value. (Doc. No. 14). The Court disagrees and finds that substantial evidence supports the ALJ's decision.

There is no merit to Plaintiff's argument that she meets Listing 11.04, 20 C.F.R. § Pt. 404, Subpt. P, App. 1, at Step Three of the sequential analysis. This listing requires that a claimant establish:

> Vascular insult to the brain, characterized by A, B, or C:
>
> A. Sensory or motor aphasia resulting in ineffective speech or communication (see 11.00E1) persisting for at least 3 consecutive months after the insult; or
>
> B. Disorganization of motor function in two extremities (see 11.00D1), resulting in an extreme limitation (see 11.00D2) in the ability to stand up from a seated position, balance while standing or walking, or use the upper extremities, persisting for at least 3 consecutive months after the insult; or
>
> C. Marked limitation (see 11.00G2) in physical functioning (see 11.00G3a) and in one of the following areas of mental functioning, both persisting for at least 3 consecutive months after the insult: 1. Understanding, remembering, or applying information (see 11.00G3b(i)); or 2. Interacting with others (see 11.00G3b(ii)); or 3. Concentrating, persisting, or maintaining pace (see 11.00G3b(iii)); or 4. Adapting or managing oneself (see 11.00G3b(iv)).

*Id.* Plaintiff alleges she met this listing because she was diagnosed with vascular insult to the brain resulting in aphasia by Dr. Stacy Golman, Psy.D. (Doc. No. 14 at 13 (citing R. 1279)), and because the vascular insult resulted in marked limitation in physical functioning due to focal motor seizures with shaking of the head and upper extremities (*Id.* (citing R. 372, 379, 413, 616, 888, 903, 916, 931, 942, 958)) and in her ability to understand, remember, and apply information (*Id.* (citing R. 957-61, 1282-83)), concentrate, persist, and maintain pace (*Id.* (citing R. 375-76, 1117, 1157, 1278, 1283)), and adapt and manage herself. (*Id.* (citing R. 1283)).

The ALJ, however, properly analyzed this listing in light of the record evidence. He explained why Plaintiff does not meet paragraph A, B or C of the listing, stating, "the evidence of record does not establish requisite criteria; the claimant does not experience ineffective speech or communication, disorganization of motor functioning in two (2) extremities that result in extreme limitations (as confirmed by her treating physician (8F/1)[)], or any marked limitations in mental functioning[.]"   (R. 19).   The ALJ's citation to Exhibit 8F, page 1, is to the October 2020 Stroke Medical Source Statement of Dr. James Valeriano, which contains his opinion that Plaintiff did not "have significant and persistent disorganization of motor functioning in two extremities resulting in sustained disturbance of gross and dexterous movement or gait and station."   (R. 1019).   Indeed, Dr. Valeriano's assessment provides that Plaintiff can use her hands, fingers, and arms 100 percent of the time.   (R. 1021).   As the ALJ noted, Plaintiff continued to show normal gait and coordination, no tremors, intact reflexes, normal strength, and the ability to tandem walk during her examinations in June 2020 and December 2020.   (R. 23 (citing Exs. 13F/5; 20F/2)).

The ALJ went on to further explain that Plaintiff did not meet paragraph C of Listing 11.04 because the evidence did not demonstrate that Plaintiff had marked limitations in mental functioning.   Instead, the ALJ found that Plaintiff had only moderate limitations in understanding, remembering, or applying information; in interacting with others; in concentrating, persisting, or maintaining pace; and adapting or managing herself.   (R. 19-21).   In so finding, he acknowledged Plaintiff's claims that she experiences difficulties following verbal instructions, emotional distress during evaluations, anxiety when dealing with the public, difficulty maintaining concentration and multi-tasking, mood instability, memory and concentration deficits, and anxiety.   However, the ALJ also pointed to other record evidence suggesting that Plaintiff had no more than moderate limitations in these areas, noting, *inter alia*, her intact recent and remote memory skills and her ability to perform self-care and take her prescribed medication; the fact that she has no issues getting along with family and friends, attends church services, and shops in public stores; the fact that she demonstrated an adequate manner of relating during the consultative exam (being able to count to five and perform simple calculations and perform serial sevens without error) and that she continues to drive a vehicle, prepare meals, and manage her finances; as well as the fact that her conditions were managed with outpatient therapy and/or medication without any periods of decompensation requiring hospitalization and that she is independent in her self-care and daily living.   (R. 20-21).

Plaintiff disagrees with the ALJ's analysis and asserts that the record compels a different result.   However, Plaintiff's argument essentially amounts to pointing to evidence that she argues leads to a contrary conclusion.   (Doc. No. 14 at 13).   If supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently.   *See Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986);

*Berry*, 738 F. Supp. at 944 (citing *Cotter*, 642 F.2d at 705).  The ALJ's decision here was well-reasoned and more than substantial evidence supports his determination.  *See Malloy v. Comm'r of Soc. Sec.*, 306 Fed. Appx. 761, 764 (3d Cir. 2009) ("The presence of evidence in the record that supports a contrary conclusion does not undermine the Commissioner's decision so long as the record provides substantial support for that decision.").

Plaintiff's argument that she met paragraph B of Listing 12.04, 20 C.F.R. § Pt. 404, subpt. P, app. 1, because she had marked impairments in her ability to understand, remember, and apply information; concentrate, persist, and maintain pace; and adapt and manage herself fails for much the same reasons.  The criteria for meeting paragraph B of Listing 12.04 are functionally the same as those for meeting 11.04.  As explained above, the ALJ found that Plaintiff did not meet these criteria because she had only moderate limitations in understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing herself.  (R. 19-21).  The ALJ also explained that Plaintiff did not meet Listing 12.04's paragraph C requirements because the evidence demonstrated that Plaintiff's conditions were managed with outpatient services and medication management, and she was not living in a highly structured environment as a result of mental health related issues.  (R. 21).  As the Court explained above, substantial evidence supports these findings.

The Court also rejects Plaintiff's next argument that the ALJ failed to account for her focal seizures and stroke residuals in formulating the RFC.  (Doc. No. 14 at 15-16).  Specifically, Plaintiff argues that the ALJ failed to account for her off-task time due to her focal seizures and attention and concentration deficits, as well as the postictal/recovery time from her focal seizures, and that the ALJ failed to consider Plaintiff's other stroke residuals, which result in word-finding difficulties, decreased concentration, emotional instability, tearfulness, anxiety, attention and concentration deficits, poor memory, difficulty multi-tasking, left sided weakness, and poor fine motor control/dexterity.  (*Id.*).

Plaintiff's arguments notwithstanding, the ALJ adequately accounted for Plaintiff's focal seizures, attention and concentration deficits, and postictal/recovery time from focal seizures in formulating the RFC.  The ALJ found that there was no support for a determination that Plaintiff would be off-task or excessively absent after considering the opinion of Dr. Valeriano.  (R. 26).  As the ALJ explained, Dr. Valeriano completed a stroke medical source statement stating his opinion that Plaintiff experiences balance problems, difficulty solving problems, and depression, and his clinical findings included mild cognitive impairments.  (Ex. 8F/1).  While the ALJ noted that Dr. Valeriano's opinion was "limited as it was only considering the effects of the claimant's stroke on her ability to function[,]" it is clear from Dr. Valeriano's assessment that he considered physical and mental impairments, and evaluated symptoms likely to interfere with Plaintiff's attention and concentration in formulating his opinion.  (R. 23, 1019-1022).  Further, Plaintiff admits that her focal seizures are a residual impairment from her stroke that occurred during

brain surgery.   (Doc. No. 14 at 15).   Accordingly, the ALJ accounted for Plaintiff's noted limitations when formulating his RFC, specifically as to off-task time and absenteeism.

The ALJ also accounted for Plaintiff's other stroke residuals in crafting his RFC. The ALJ considered Plaintiff's word-finding difficulties, decreased concentration, emotional instability, tearfulness, anxiety, attention and concentration deficits, poor memory, difficulty multi-tasking, left sided weakness, and poor fine motor control/dexterity and explained limitations incorporated as to each of these concerns.   The ALJ added manipulative limitations to the RFC due to Plaintiff's deficits in bilateral upper extremity fine motor coordination.   (R. 23).   He also determined that Plaintiff could perform "simple tasks commensurate with unskilled work where work duties are explained, written, and/or demonstrated and able to be learned in 30 days or less" to account for the effects of Plaintiff's mild cognitive impairment and concentration issues.   (R. 25).   He considered Plaintiff's cognitive, memory, and concentration deficits and determined that Plaintiff could perform simple, routine tasks in a stable environment.   (*Id.*).   Further, the ALJ found the environmental limitations in the RFC incorporated Plaintiff's seizure-like activity as a result of her anxiety.   (*Id.*).   The ALJ also added the limitations of no more than occasional interaction with the public, manipulative restrictions, light and noise restrictions, and no commercial driving as a result of Plaintiff's deficits in depth perception, seizure-like activity, clinical evidence of Plaintiff's bilateral upper extremity abnormality, and Plaintiff's reported issues while volunteering with the public.   (R. 25-26).   In sum, the ALJ properly accounted for Plaintiff's stroke residuals and thoroughly explained his reasoning for crafting the specific and detailed RFC, and substantial evidence supports these findings.

The Court also finds unpersuasive Plaintiff's argument that the ALJ failed to give proper weight to the opinion of Dr. Zubenko, Plaintiff's treating psychiatrist, by affording it only "limited persuasive value."   (Doc No. 14 at 16-17; R. 27).   Plaintiff asserts that the ALJ should have given Dr. Zubenko's opinion greater weight as he was the most frequent, consistent treating source in the record.   (Doc. No. 14 at 16-17).   The Court first notes that for cases such as this one, filed on or after March 27, 2017, the regulations have eliminated the "treating physician rule."   *Compare* 20 C.F.R. § 404.1527(c)(2) (applying to cases prior to the amendment of the regulations) *with* 20 C.F.R. § 404.1520c(a) (applying to later cases). *See also* 82 Fed. Reg. 5844-01, at 5853 (Jan. 18, 2017).   While the medical source's treating relationship with the claimant is still a valid consideration, "the two most important factors for determining the persuasiveness of medical opinions are consistency and supportability." 82 Fed. Reg. at 5853.   *See also* §§ 404.1520c(b) and (c).   Therefore, Dr. Zubenko's status as a treating medical source is relevant, but not determinative, and, in fact, not the primary factor.

The ALJ found the opinions of state agency psychological experts Drs. Jonas and Schiller to be more persuasive than that of Dr. Zubenko because he found them to be more consistent with the record.   (R. 25).   Specifically, the ALJ found Drs. Jonas and Schiller's

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 13) is DENIED, and Defendant's Motion for Summary Judgment (Doc. No. 17) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf:     Counsel of record

---

opinions "partially persuasive" because the evidence in the record documenting Plaintiff's cognitive, memory, and concentration deficits was consistent with these opinions. (R. 25). The ALJ later turned to Dr. Zubenko's opinion and considered how the Plaintiff's treatment records and testing results aligned with her work history and decided that his opinion could only be afforded "limited persuasive value" because Plaintiff worked in a position with a skilled Specific Vocational Profile following her stroke in 2019, which negated the indication that she had serious limitations in her ability to maintain attention, make work-related decisions, and perform at a consistent pace. (R. 26-27). This explanation adequately addresses the ALJ's reasoning and supports the ALJ's determination of the persuasive value afforded to these opinions.

The Court further notes that, even under the regulations governing cases filed prior to March 27, 2017, while an ALJ was required to consider the treating relationship between a claimant and an opining doctor, when the medical opinion of a treating source conflicted with that of a non-treating, or even a non-examining physician, "the ALJ may choose whom to credit." *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000). *See also Dula v. Barnhart*, 129 Fed. Appx. 715, 718-19 (3d Cir. 2005); *Salerno v. Comm'r of Soc. Sec.*, 152 Fed. Appx. 208 (3d Cir. 2005); SSR 96-6p, 1996 WL 374180 (S.S.A.), at *2 (1996). In certain cases, such as this one, it is not error to give more weight to the non-examining professional's opinion. *See Salerno*, 152 Fed. Appx. at 208 (affirming an ALJ's decision to credit the opinion of the non-examining state agency reviewing psychologist because his opinion was more supported by the record than the opinions of the treating physician and the consultative examiner). As discussed, the record here establishes that the ALJ could give more weight to the opinion of the state reviewing psychologists than to that of Plaintiff's treating psychiatrist, and the ALJ adequately explained his reasons for doing so.

Accordingly, for the reasons set forth herein, the Court finds that the ALJ applied the proper legal standards and that substantial evidence supports his findings. The Court will therefore affirm.